THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9    MAYA SUZUMURA,                          CASE NO. C14-0415-JCC

10                                           ORDER OF REMAND
                         Plaintiff,

11          v.

12   ALLIED PROPERTY & CASUALTY
     INSURANCE COMPANY,
13

14                       Defendant.

15          This matter comes before the Court *sua sponte*. For the reasons explained below, the

16   Court REMANDS this matter to King County Superior Court.

17   **I.    BACKGROUND**

18          Plaintiff Maya Suzumura filed the instant lawsuit in King County Superior Court on

19   February 18, 2014. (Dkt. No. 1 at 2.) She named as a defendant Allied Property & Casualty

20   Insurance Company. (*Id.*) She served the summons and complaint upon Allied on February 21,

21   2014. (*Id.*) According to Plaintiff's Complaint, she suffered a fractured left wrist and fractured

22   right leg when she was struck by an automobile while driving her moped. (Dkt. No. 1-1 at 9.)

23   When she submitted a claim to Allied, her insurance company, her claim was denied on the basis

24   that her family had owned the moped for more than 30 days without requesting coverage under

25   the terms of the applicable insurance policy. (*Id.* at 10.) Plaintiff's Complaint brings a claim for

26   declaratory judgment stating that she is entitled to coverage and a breach of contract claim based

1   on Allied's denial uninsured and underinsured motorists insurance coverage. (*Id.*) Plaintiff's

2   Complaint neither seeks a specific amount of damages nor provides factual allegations as to

3   actual damages suffered. Instead, Plaintiff's Complaint simply states that she suffered "damages

4   as a result of Defendant's breach [of contract]." (*Id.*) She seeks those unspecified damages and

5   reasonable attorney's fees. (*Id.* at 10–11.)

6          After being served with Plaintiff's Complaint, Defendant's filed the instant Notice of

7   Removal. (Dkt. No. 1.) The notice alleges that diversity jurisdiction exists under 28 U.S.C. §

8   1332(a)(1). On July 25, 2014, Plaintiff moved for summary judgment. (Dkt. No. 15.) The Court

9   has reviewed Defendants' Notice of Removal and the supporting record at the time of removal,

10  however, and finds that no basis to exercise diversity jurisdiction exists. Accordingly, the Court

11  strikes Plaintiff's motion for summary judgment and remands this matter to King County

12  Superior Court.

13  **II.    DISCUSSION**

14          A civil action is only removable if the case could have originally been filed in federal

15  court. 28 U.S.C. § 1441(a). The removing party has the burden of establishing federal

16  jurisdiction and the removal statute is strictly construed against removal. *Gaus v. Miles, Inc*., 980

17  F.2d 564, 566 (9th Cir. 1992). To support removal based on diversity jurisdiction, a defendant

18  bears the burden of demonstrating two points: (1) that the amount in controversy exceeds

19  $75,000; and (2) that complete diversity exists between the parties. 28 U.S.C. § 1332; *Cohn v.*

20  *Petsmart*, 281 F.3d 837, 839–40 (9th Cir. 2002). The amount in controversy, which a defendant

21  must demonstrate by a preponderance of the evidence, is determined as of the time of removal.

22  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see*

23  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1004 (9th Cir. 2007) (where a complaint

24  does not specify the amount of damages sought, the Court will consider the allegations of the

25  complaint, facts in the removal petition, and supporting summary judgment-type evidence

26  relevant to the amount in controversy). In order for complete diversity to exist in a case where

ORDER OF REMAND
PAGE - 2

1    there are multiple plaintiffs or defendants, "each plaintiff must be a citizen of a different state

2    than each defendant." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

3    Ultimately, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal

4    in the first instance." *Id.*

5        Defendant's notice of removal falls well short of demonstrating "by a preponderance of

6    the evidence" that the amount in controversy exceeds $75,000. Counsel provides no reasoned

7    basis to reach such a conclusion—the notice merely states that "defendant believes and therefore

8    alleges that the monetary value relief plaintiff seeks in this action exceeds $75,000 [because]

9    Plaintiff has incurred at least $35,000 in past medical expenses[]; Plaintiff alleges severe

10    injury[]; and Plaintiff seeks an award of reasonable attorney's fees." (Dkt. No. 1 at 3.) Defense

11    counsel nowhere provides evidence of the fact that Plaintiff has incurred at least $35,000 in past

12    medical expenses, and more importantly, nowhere alleges how "reasonable attorney's fees" or

13    *other* unspecified damages in this case could total more than $40,000 and thus bring the amount

14    in controversy to more than $75,000. Without something beyond defense counsel's unsupported,

15    subjective belief, such as a detailed description of the alleged injuries and costs of actual medical

16    treatment totaling more than (or at least near) $75,000, or other summary judgment-type

17    evidence of damages, the Court declines to accept defense counsel's subjective conclusion. Upon

18    review of Plaintiff's complaint and the skeleton-like Notice of Removal, the Court finds no

19    factual basis to support the exercise of diversity jurisdiction in this matter. Rather, the

20    appropriate Court to rule upon Plaintiff's motion for summary judgment and otherwise

21    adjudicate this dispute is King County Superior Court.

22    **III.**      **CONCLUSION**

23        For the foregoing reasons, the Court hereby STRIKES Plaintiff's motion for summary

24    judgment (Dkt. No. 15) and REMANDS this matter to King County Superior Court. The Clerk is

25    respectfully directed to CLOSE this case.

26    //

1        DATED this 29th day of July 2014.

2

3

4

5

6

7                                               John C. Coughenour
8                                               UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER OF REMAND
PAGE - 4